FILED
MAY 17 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TELEWIZJA POLSAT, S.A., a Polish corporation, ) </br>) </br>Plaintiff, ) </br>) </br>vs. ) </br>) </br>TELEWIZJA PLUS, LTD., and JERRY KOZLOWSKI, an individual, ) </br>) </br>Defendants. ) | 06CV2774 </br>JUDGE DARRAH </br>MAG. JUDGE DENLOW </br></br>Jury Demanded |

## COMPLAINT

Plaintiff, Telewizja Polsat S.A., a Polish corporation ("Polsat"), by its attorneys, Phillip J. Zisook, Jeffrey E. Schiller, and Lee F. Farbman of Deutsch, Levy & Engel, Chartered, complains of Defendants, Telewizja Plus, Ltd. ("Telewizja Plus") and Jerry Kozlowski ("Kozlowski"), as follows:

### COMMON ALLEGATIONS

**A. PARTIES**

1. Plaintiff Polsat is a Polish corporation with its principal place of business in Warsaw, Poland. Polsat is a television network which produces, broadcasts and licenses certain Polish-language television programming, including but not limited to, dramas, situation comedies, soap operas, news, sports and special events. Polsat has granted EchoStar Satellite Corporation an exclusive license to broadcast and market its programming in the United States.

2. On information and belief, Defendant Telewizja Plus, Ltd. is a Dubai, United Arab Emirates company, with its principal place of business in Arlington Heights, Illinois. On

229136.2

information and belief, Telewizja Plus distributes Polish-language television programming in the United States on the internet without authorization or license from the owners of such programming.

3. On information and belief, Defendant Jerry Kozlowski is an individual domiciled in this District. On information and belief, Kozlowski is a manager, member and purported owner of Telewizja Plus and directs the business and conduct of Telewizja Plus.

### B. JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. The Court has personal jurisdiction over the Defendants because Defendants conduct business in this District and the acts complained of herein occurred in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose in this District and Defendants Telewizja Plus and Kozlowski are citizens of, and reside in this District.

### C. GENERAL ALLEGATIONS

7. Polsat creates and produces original Polish-language television programming, including visual and sound material and content recorded on video tape. Polsat holds exclusive copyrights in original works including, but not limited to, the Polish-language television programming known as: Adam I Ewa; As; Czego Sie Boja Faceci; Dziki; Dziupla Cezara; Fala Zbrodni; Klinika Samotnych Serc; Kochaj Mnie Kochaj; Kosmici; Panienki; Pensjonat Pod Roza; Pierwsza Milosc; Psie Serce; Samo Zycie; Sublokatorzy; Swiat Wedlug Kiepskich; Zakrecone; Zostac Miss; Wydarzenia; Wydarzenia Sport; Co Z Ta Polska; Grasz Czy Nie Grasz; and O Rety

Kabarety (collectively, the "Polsat Programming"). Polsat first broadcasts the Polsat Programming on television in Poland, and holds the exclusive copyrights in such original works.

8. In approximately April, 2006, Plaintiff became aware that Defendant Telewizja Plus was operating a website bearing an internet address of www.telewizjaplus.com through which it was disseminating and marketing exact copies of the Polsat Programming, after its broadcast in Poland, with no authority, authorization or license from Polsat. Accordingly, Telewizja Plus is wrongfully copying the Polsat Programming, and then displaying, marketing, selling and distributing it in the United States, without authorization, on the internet. In addition, Plaintiff discovered that Telewizja Plus, on information and belief, is similarly copying, disseminating, marketing and selling television programming owned by two other Polish television broadcast networks, TVN S.A. ("TVN") and Telewizja Polska S.A., on its website. On information and belief, such dissemination, distribution, marketing and sales are similarly without any authorization or license from TVN or Telewizja Polska S.A.

9. At no time has Plaintiff authorized Defendants to display, disseminate, market, distribute or sell any of the Polsat Programming on the internet or on any other platform.

10. Telewizja Plus, through audio and video streaming of the Polsat Programming, without any authorization or license, has marketed and distributed to consumers the original works of Plaintiff, including the Polsat Programming, and has unjustly obtained revenue and profits as a result thereof.

11. As a result of their wrongful conduct, Telewizja Plus and Kozlowski have diverted revenue from Polsat.

- 2291362

## COUNT I
## COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501 *et seq*

12. Plaintiff restates and incorporates herein paragraphs 1 through 11 as paragraph 12 of Count I.

13. Plaintiff has standing to assert copyright claims against Defendants with respect to the Polsat Programming as Polsat is the owner of the original works in question.

14. Defendants have infringed upon such copyrighted works by copying, marketing and distributing Polsat's original works without authorization.

15. Plaintiff has notified Defendants of the infringement of its copyrights, but Defendants have refused to cease their acts of infringement.

16. Polsat has never given Defendants permission to copy, display, market or distribute Polsat's original works, including but not limited to, the Polsat Programming.

17. Defendants have committed the acts described above with knowledge of and disregard for Polsat's rights in its original works, including the Polsat Programming.

18. Plaintiff has been damaged by Defendants' acts of infringement.

19. Plaintiff's injuries as a result of Defendants' infringement are irreparable in nature, and Plaintiff lacks an adequate remedy at law for such injuries. Further, Defendants' acts of infringement are continuing despite their notice of Plaintiff's rights.

20. By reason of Defendants' acts of infringement and their continuing nature, Plaintiff has sustained, and will continue to sustain, substantial injury, and loss and damage to its ownership rights in the copyrighted works.

- 2291362

21. Plaintiff is entitled to an injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging further in such acts of copyright infringement.

22. Plaintiff is further entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the monetary damage it has suffered by reason of Defendants' acts of copyright infringement, but on information and belief, alleges that it has sustained such damage in an amount exceeding $100,000.00.

23. Plaintiff is further entitled to recover from Defendants the gains, profits and advantages they have obtained as a result of their acts of copyright infringement. Plaintiff is at present unable to ascertain the full extent of the gains, profits and advantages Defendants have obtained by reason of their acts of copyright infringement, but on information and belief alleges that Defendants have obtained such gains, profits and advantages in an amount exceeding $100,000.00.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants, Telewizja Plus, Ltd. and Jerry Kozlowski, as follows:

A. Entering preliminary and permanent injunctions: (i) enjoining and restraining Defendants and all persons acting in concert with Defendants from manufacturing, copying, reproducing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling any materials that are copies of, or substantially similar to, the Polsat Programming; (ii) ordering the disablement of the www.telewizjaplus.com website and any substitute website therefor; and (iii) ordering the destruction of all such materials in Defendants' possession or control;

B. Imposing a constructive trust on all monies received by Defendants from and as a consequence of their wrongful conduct, and restraining Defendants from transferring any such funds to third parties;

C. Restraining any internet service providers from providing internet access or audio and/or video streaming services for Telewizja Plus and any of its agents, officers, members, or employees, including but not limited to Kozlowski, who are engaging in infringing activity by displaying, disseminating and marketing the infringing material, including the Polsat Programming, on the internet without authorization;

D. Awarding actual damages and Defendants' profits in an amount in excess of $100,000.00 to be determined at trial, plus interest;

E. Awarding statutory damages as provided for in 17 U.S.C. § 504;

F. Ordering Telewizja Plus and Kozlowski to account for and to disgorge to Plaintiff any and all profits they realized as a result of their unlawful conduct;

G. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this action; and

H. Awarding Plaintiff such further relief as the Court deems proper.

## COUNT II
## LANHAM ACT, 15 U.S.C. § 1125

24. Plaintiff restates and incorporates herein paragraphs 1 through 11 of the common allegations as paragraph 24 of Count II.

25. Polsat holds various distinctive trademarks, trade names, identifying symbols and logos used to market itself and the Polsat Programming to consumers, and to identify its Polish-

language television programs, and has used such trademarks, identifying symbols and logos in interstate commerce.

26. Polsat never granted any rights to Defendants to use any of its symbols, logos, trade names and trademarks, including but not limited to, "Polsat," or those of the Polsat Programming, to disseminate, distribute, market or sell the Polsat Programming to consumers on the internet.

27. The use of such trademarks, symbols, logos and trade names by Defendants is likely to cause confusion, cause mistake, or deceive the general public as to the affiliation, connection or association of Telewizja Plus and Plaintiff, and as to the sponsorship or approval of such use by Plaintiff when in truth Telewizja Plus has no right to sell subscriptions for, market, display or disseminate the Polsat Programming, or to use its or Polsat's trademarks, trade names, logos, symbols or products to do so and to receive subscription revenue from consumers.

28. Defendants' use of Plaintiff's trade names, symbols and trademarks was in the course of commercial activity and promotion and falsely represented that (i) Telewizja Plus had authority to market the Polsat Programming and subscriptions for the Polsat Programming through Plaintiff's trademarks, trade names and logos; (ii) Telewizja Plus was authorized to sell subscriptions for the Polsat Programming in the United States, and (iii) Telewizja Plus was authorized to distribute and disseminate the Polsat Programming in the United States.

29. Telewizja Plus' and Kozlowski's use of Plaintiff's symbols, logos, trade names and trademarks as complained of above was willful and intended to trade on Plaintiff's reputation, trademarks, trade names, symbols and logos, and the Polsat Programming.

30. The deception of Telewizja Plus' and Kozlowski's false and misleading advertising and promotional claims is material in that Telewizja Plus' holding itself out as authorized to market

the Polsat Programming is false and likely to influence consumers' choices of whether to purchase subscriptions for the Polsat Programming from Telewizja Plus.

31. Defendants Telewizja Plus and Kozlowski have caused their falsely advertised goods and services to be provided through interstate commerce and have used Plaintiff's trademarks, trade names, identifying symbols and logos to wrongfully market, display and disseminate the Polsat Programming in interstate commerce.

32. Plaintiff has been and is likely to be injured as a result of the foregoing by (a) lost profits; (b) a lessening of the good will which Polsat enjoys with consumers and subscribers for the Polsat Programming; and (c) injury to the reputation of Polsat.

33. By the foregoing acts, Telewizja Plus and Kozlowski have made false and misleading misrepresentations that are likely to and do deceive customers in violation of § 43(a) of the Lanham Trademark Act, 15 U.S.C. §1125(a), in that they misrepresent the sponsorship, affiliations and approval of Telewizja Plus' services and commercial activities.

34. As a result of Defendant's conduct as set forth above, Plaintiff has suffered and will continue to suffer irreparable injury and damages, the value of which cannot yet be ascertained.

35. Plaintiff has no adequate remedy at law for the wrongful conduct of Telewizja Plus and Kozlowski.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants, Telewizja Plus, Ltd. and Jerry Kozlowski, as follows:

A. Entering preliminary and permanent injunctions against Telewizja Plus and its officers, agents, servants, employees, members, managers and those persons in active concert or participation with them, including but not limited to Kozlowski, enjoining them from making

-8-

-2291362

promotional, advertising or other related claims that are false, misleading or deceptive concerning Telewizja Plus' status as an entity authorized to market and sell subscriptions for the Polsat Programming, and restraining them from displaying, marketing, distributing and/or selling the Polsat Programming or otherwise using Plaintiff's trademarks, symbols, logos or trade names;

B. Ordering Telewizja Plus and Kozlowski to account for and to disgorge to Plaintiff any and all profits they realized as a result of their unlawful conduct;

C. Ordering the www.telewizjaplus.com website and any substitute website therefor to be disabled;

D. Imposing a constructive trust on all monies received by Defendants from and as a consequence of their wrongful conduct, and restraining Defendants from transferring any such funds to third parties;

E. Awarding Plaintiff compensatory damages;

F. Awarding Plaintiff trebled damages;

G. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this action; and

H. Awarding Plaintiff such further relief as the Court deems proper.

### COUNT III
### ILLINOIS CONSUMER FRAUD AND DECEPTIVE TRADE PRACTICES - 815 ILCS 505/1 *et seq.*

36. Plaintiff restates and incorporates herein paragraphs 1 through 11 of the common allegations as paragraph 36 of Count III.

37. The Illinois Consumer Fraud and Deceptive Business Practices Act, Ill. Rev. Stat. 815 ILCS 505/1 *et seq.* provides in part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, . . . misrepresentation . . . of any material fact, . . . or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", . . . in the conduct of any trade or commerce are hereby declared unlawful . . .

815 ILCS 505/2.

38. The Illinois Uniform Deceptive Trade Practices Act, Ill. Rev. Stat. 815 ILCS 510/1 *et seq.* provides in part:

> A person engages in a deceptive trade practice when, in the course of his business . . . he:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;
>
> * * *
>
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> * * *
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2.

39. Defendants' false and misleading statements and conduct set forth above constitute unfair methods of competition, false representations of fact, false statements of sponsorship, affiliation, approval, certification and status likely to create a misunderstanding among consumers generally, all in violation of the Illinois Consumer Fraud Act.

-10-

40. As a proximate result of Defendants' conduct as set forth above, Plaintiff has sustained injury and damages.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants, Telewizja Plus, Ltd. and Jerry Kozlowski, as follows:

A. Entering preliminary and permanent injunctions against Telewizja Plus and its officers, agents, servants, employees, members, managers and those persons in active concert or participation with them, including but not limited to Kozlowski, enjoining them from making promotional, advertising or other related claims that are false, misleading or deceptive concerning Telewizja Plus' status as an entity with authority to market Plaintiff's programming and restraining them from displaying, marketing, distributing and/or selling the Polsat Programming or otherwise using Plaintiff's trademarks, symbols, logos or trade names;

B. Imposing a constructive trust on all monies received by Defendants from and as a consequence of their wrongful conduct, and restraining Defendants from transferring any such funds to third parties;

C. Ordering Telewizja Plus and Kozlowski to account for and to disgorge to Plaintiff any and all profits they have realized as a result of their unlawful conduct;

D. Ordering the www.telewizjaplus.com website and any substitute website therefor to be disabled;

E. Awarding Plaintiff compensatory and punitive damages;

F. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this action; and

G. Awarding Plaintiff such further relief as the Court deems proper.

-11-

- 229136.2

## COUNT IV
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## 815 ILCS 510/1 *et seq.*

41. Plaintiff realleges and reincorporates paragraphs 1 through 11 of the common allegations as paragraph 41 of Count IV.

42. The Illinois Uniform Deceptive Trade Practices Act, Ill. Rev. Stat. 815 ILCS 510/1 *et seq.* provides in part:

> A person engages in a deceptive trade practice when, in the course of his business . . . he:
>
> (1) passes off goods or services as those of another;
>
> (2) causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;
>
> (3) causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another;
>
> \* \* \*
>
> (5) represents that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have;
>
> \* \* \*
>
> (12) engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS 510/2.

43. Defendants' false and misleading statements and conduct concerning their status as being authorized to display, market, distribute and sell the Polsat Programming using Plaintiff's television programming and related trademarks, name, symbols, logos or trade names without

authorization constitute deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act.

44. Telewizja Plus and Kozlowski willfully engaged in the deceptive trade practices alleged herein.

45. As a result of Defendants' conduct as set forth above, Plaintiff has suffered and will continue to suffer irreparable injury for which money damages are not an adequate remedy.

46. Plaintiff has no adequate remedy at law for the Defendants' wrongful conduct.

WHEREFORE, Plaintiff requests that the Court enter judgment in its favor and against Defendants, Telewizja Plus, Ltd. and Jerry Kozlowski, as follows:

A. Entering preliminary and permanent injunctions against Telewizja Plus and its officers, agents, servants, employees, members, managers and those persons in active concert or participation with them, including but not limited to Kozlowski, enjoining them from making promotional, advertising or other related claims that are false, misleading or deceptive concerning Telewizja Plus's status as an entity with authority to market and sell the Polsat Programming and restraining them from displaying, marketing, distribution and/or selling the Polsat Programming, or otherwise using Plaintiff's trademarks, symbols, logos or trade names;

B. Imposing a constructive trust on all monies received by Defendants from and as a consequence of their wrongful conduct, and restraining Defendants from transferring any such funds to third parties;

C. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this action;

D. Ordering the www.telewizjaplus.com website and any substitute website therefor to be disabled; and

E. Awarding such further relief as the Court deems proper.

### COUNT V
### CONVERSION

47. Plaintiff realleges and incorporates paragraphs 1 through 11 of the common allegations as paragraph 47 of Count V.

48. Defendants, without authority, misappropriated the intellectual property of Plaintiff, including the Polsat Programming; and (a) used same for their own purposes to sell subscriptions on the internet for such programming when they had no right to do so, (b) used the wrongfully obtained Polsat Programming to promote themselves and Telewizja Plus' own trade name, and (c) used such wrongfully obtained intellectual property to derive profit and unduly enrich themselves to the detriment of the rightful owner of such intellectual property, Polsat.

49. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained injury and damages.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendants, Telewizja Plus, Ltd. and Jerry Kozlowski, as follows:

A. Ordering Telewizja Plus and Kozlowski to account for and to disgorge to Plaintiff any and all profits they realized as a result of their unlawful conduct;

B. Imposing a constructive trust on all monies received by Defendants from and as a consequence of their wrongful conduct, and restraining Defendants from transferring any such funds to third parties;

  C. Awarding Plaintiff compensatory and punitive damages;

  D. Awarding Plaintiff its costs and attorneys' fees incurred in connection with this action; and

  E. Awarding Plaintiff such further relief as the Court deems proper.

Respectfully submitted,

TELEWIZJA POLSAT, S.A.,

By: _____
One of its Attorneys

Phillip J. Zisook
Jeffrey E. Schiller
Lee E. Farbman
Deutsch, Levy & Engel, Chartered
225 W. Washington Street
Suite 1700
Chicago, IL 60606
312/346-1460

- 2291362