IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TVN S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TELEWIZJA PLUS, LTD., ATON, LTD., | ) | |
| JERRY KOZLOWSKI, MIROSLAW GLIWA | ) | |
| and MARK OCHOLSKI, | ) | |
| | ) | Case No. 06 CV 2773 |
| Defendants. | ) | |
| | ) | |
| TELEWIZJA POLSAT, S.A., a Polish | ) | Case No. 06 CV 2774 |
| corporation, | ) | |
| | ) | (consolidated) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ruben Castillo |
| | ) | |
| TELEWIZJA PLUS, LTD., ATON, LTD., an | ) | Magistrate Judge Alexander Keys |
| Illinois corporation, JERRY KOZLOWSKI, an | ) | |
| individual, MIROSLAW GLIWA, an individual, | ) | |
| KAROL ADAMOWICZ, an individual, | ) | |
| JANUSZ PAZURA, an individual, MARK | ) | |
| OCHOLSKI, an individual, and MARIAN | ) | |
| GLIWA, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION FOR ENTRY OF
PERMANENT INJUNCTION ORDER**

Plaintiffs, TVN S.A. ("TVN") and Telewizja Polsat S.A. ("Polsat") and Defendants, Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa ("Defendants"), hereby move this Court for the entry of the attached Agreed Permanent Injunction Order. In support of this Motion, Plaintiffs and Defendants state as follows:

241591-1

1. Through their respective attorneys, the parties agree that Plaintiffs, TVN and Polsat, both Polish corporations, have rights in their respective Polish-language television programming and any copyrights and trademarks that are associated herewith, which are in need of protection. The parties further agree that Plaintiffs have no adequate remedy at law to protect their rights, will suffer irreparable harm unless permanent injunctive relief is ordered, and that the balance of hardship and public policy weigh in favor of protecting Plaintiffs' rights and in favor of permanent injunctive relief.

2. The Defendants, through their attorney, have agreed not to contest or rebut the facts alleged, demonstrating the infringement of Plaintiffs' intellectual property rights by Defendants, including through Defendants' website, www.telewizjaplus.com ("the Website").

3. Specifically, TVN has demonstrated, and Defendants do not contest, that TVN is a Polish corporation which owns, creates, distributes and produces Polish-language television programming in Warsaw, Poland, which is protected by copyrights exclusively held in the name of TVN. TVN never authorized Defendants to display, market, sell or distribute any of its Polish-language television programming on any platform, including on the internet. Further, TVN has certain unique trademarks, symbols and proprietary logos which are displayed on its programming. TVN has never authorized or licensed the Defendants any right to use its unique trademarks, symbols and logos. Further, TVN's Programming, without authorization, license or permission, was displayed, marketed, sold and disseminated by Defendants on a website maintained and controlled by Defendants at www.telewizjaplus.com.

4. Further, Polsat has demonstrated, and Defendants do not contest, that Polsat is a Polish corporation which owns, creates, distributes and produces Polish-language television programming in Warsaw, Poland, which is protected by copyrights exclusively held in the name

of Polsat. Polsat never authorized Defendants to display, market, sell or distribute any of its Polish-language television programming on any platform, including on the internet. Further, Polsat has certain unique trademarks, symbols and proprietary logos which are displayed on its programming. Polsat has never authorized or licensed the Defendants any right to use its unique trademarks, symbols and logos. Further, Polsat's Programming, without authorization, license or permission, was displayed, marketed, sold and disseminated by Defendants on a website maintained and controlled by Defendants at www.telewizjaplus.com.

5. The parties, by agreement, respectfully request an Order that the Defendants Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, are each permanently restrained and prohibited from directly or indirectly marketing, copying, selling or distributing any television programming of TVN, including but not limited to, the following specific programming: Kryminalni, Na Wspolnej, Aniol Stroz, Nania, Fakty, and Fatky Sport (collectively referred to as "the TVN Programming"), unless allowed to do so under then-prevailing U.S., European Union, or Polish laws, or by valid express written authorization or license.

6. The parties, by agreement, further respectfully request an Order that the Defendants, Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, are each permanently restrained and prohibited from directly or indirectly marketing, copying, selling or distributing any television programming of Telewizja Polsat S.A., including but not limited to, the following specific programming: Adam I Ewa; As; Czego Sie Boja Faceci; Dziki; Dziupla Cezara; Fala Zbrodni; Klinika Samotnych Sere; Kochaj Mnie Kochaj; Kosmici; Panienki; Pensjonat Pod Roza; Pierwsza Milosc; Psie Serce; Samo Zycie; Sublokatorzy; Swiat Wedlug Kiepskich; Zakrecone; Zostac Miss; Wydarzenia; Wydarzenia Sport; Co Z Ta Polska; Grasz Czy

Nie Grasz; and O Rety Kabarety (collectively referred to as "the Polsat Programming"), unless allowed to do so under then-prevailing U.S., European Union, or Polish laws, or by valid express written authorization or license.

7. The parties, by agreement, further respectfully request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd. and Miroslaw Gliwa are each ordered to disable permanently the website www.telewizjaplus.com.

8. The parties, by agreement, further request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd. and Miroslaw Gliwa, are each ordered to deliver to TVN any and all computer hard drives in their possession, including but not limited to, any on which any TVN Programming is stored and all copies of TVN's Works, inclusive of the TVN Programming, in the possession or control of Telewizja Plus, Ltd., Aton, Ltd. and Miroslaw Gliwa or their agents.

9. The parties, by agreement, further respectfully request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd. and Miroslaw Gliwa, are each ordered to deliver to Polsat any and all computer hard drives in their possession, including but not limited to, any on which any Polsat Programming is stored and all copies of Polsat's Works, inclusive of the Polsat Programming, in the possession or control of Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa or their agents.

10. The parties, by agreement, further respectfully request an Order that Defendants Defendants, Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, are permanently enjoined and restrained from using any of TVN's trademarks, symbols, logos or trade names for any commercial or business purpose in a manner that violates United States or Polish trademark law.

11. The parties, by agreement, further respectfully request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, are permanently enjoined and restrained from using any of Polsat's trademarks, symbols, logos or trade names for any commercial or business purpose in a manner that violates United States or Polish trademark law.

12. The parties, by agreement, further respectfully request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, are permanently enjoined and restrained from making any false, misleading or deceptive statements as to their authority to display, market, sell and/or distribute the TVN Programming.

13. The parties, by agreement, further respectfully request an Order that Defendants Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa are permanently enjoined and restrained from making any false, misleading or deceptive statements as to their authority to display, market, sell and/or distribute the Polsat Programming.

14. The parties, by agreement, further respectfully request an Order that any assets held by or in the custody or control of the Defendants as a result of any of their marketing and sale of TVN's Works, inclusive of the TVN Programming, are to be held in constructive trust for Plaintiff, TVN S.A., by Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa and their agents, and such Defendants are ordered not to transfer, destroy or dissipate any of such assets.

15. The parties, by agreement, further respectfully request an Order that any assets held by or in the custody or control of the Defendants as a result of any of their marketing and sale of Polsat's Works, inclusive of the Polsat Programming, are to be held in constructive trust for Plaintiff, Telewizja Polsat S.A., by Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and

Marian Gliwa and their agents, and such Defendants are ordered not to transfer, destroy or dissipate any of such assets.

16. The parties, by agreement, further respectfully request an Order that requires Defendants Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa, to account to both TVN S.A. and Telewizja Polsat S.A. for any subscriptions sold and/or revenue received by any of them in conjunction with subscriptions sold on the www.telewizja.com website or any other sale of the TVN and/or Polsat Programming, and to produce to TVN and Polsat within fourteen days, all documents in their possession or under their control relating to Telewizja Plus, Ltd., the Website, TVN, Polsat, the TVN Programming, the Polsat Programming, and any monies received by or payable to Defendants through such Defendants' copying, marketing and sale of the TVN and/or Polsat Programming and operation of the Website, including but not limited to, invoices, bank statements, credit card merchant account statements, receipts, deposits, correspondence and contracts.

17. The parties, by agreement, further respectfully request an Order that in conjunction with the accounting hereby ordered, Defendants are ordered to respond to TVN's and Polsat's previously served Interrogatories and Request for Production of Documents within fourteen days of the entry of the Order, and that Defendants are further to submit to depositions as noticed by Plaintiffs, following compliance with such written discovery.

WHEREFORE, Plaintiffs, TVN S.A. and Telewizja Polsat S.A., and Defendants, Telewizja Plus, Ltd., Aton, Ltd., Miroslaw Gliwa and Marian Gliwa request that this Court enter an Agreed Permanent Injunction in the form of Exhibit A to this Motion.

**Signatures on Following Page**

| TVN, S.A. | TELEWIZJA POLSAT S.A. |
|---|---|
| *(signature)* | *(signature)* |
| S. Patrick McKey | Phillip J. Zisook |
| Pawel K. Chudzicki | Jeffrey E. Schiller |
| Jeana R. Lervick | Leon E. Farbman |
| Bell, Boyd & Lloyd, LLC | Deutsch, Levy & Engel, Chartered |
| Three First National Plaza | 225 W. Washington Street, Suite 1700 |
| 70 W. Madison Street, Suite 3300 | Chicago, IL 60606 |
| Chicago, IL 60602-4207 | (312) 346-1460 |
| (312) 372-1121 | |

TELEWIZJA PLUS, LTD, ATON, LTD.,
MIROSLAW GLIWA and MARIAN GLIWA

*(signature)*

Douglas R. Cannon
Douglas R. Cannon & Associates
8930 Gross Point Road
Suite 200
Skokie, IL 60077
(847) 470-4484

7

241591-1

## **CERTIFICATE OF SERVICE**

I, Jeana R. Lervick, certify that I caused copies of AGREED MOTION FOR ENTRY OF PERMANENT INJUNCTION ORDER and accompanying documents to be served on:

> Douglas R. Cannon
> DOUGLAS R. CANNON & ASSOCIATES
> 8930 Gross Point Road
> Suite 200
> Skokie, IL 60077
> (847) 470-4484

via ECF Filing this 31st day of January 2007.


                                                   /s/ Jeana R. Lervick