IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TVN S.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 06 CV 2773 |
| vs. | ) | |
| | ) | |
| TELEWIZJA PLUS, LTD., ATON, LTD., | ) | Case No. 06 CV 2774 |
| JERRY KOZLOWSKI, MIROSLAW | ) | |
| GLIWA and MARK OCHOLSKI, | ) | (consolidated) |
| | ) | |
| Defendants. | ) | |
| | ) | |
| TELEWIZJA POLSAT, S.A., a Polish corporation, | ) | |
| | ) | |
| Plaintiff, | ) | Judge Ruben Castillo |
| | ) | |
| vs. | ) | Magistrate Judge Alexander Keys |
| | ) | |
| TELEWIZJA PLUS, LTD., ATON, LTD., an Illinois corporation, JERRY KOZLOWSKI, an individual, MIROSLAW GLIWA, an individual, KAROL ADAMOWICZ, an individual, JANUSZ PAZURA, an individual, MARK OCHOLSKI, an individual, and MARIAN GLIWA, | ) | |
| | ) | |
| Defendants. | ) | |

## OCHOLSKI'S MOTION TO COMPEL DEPOSITIONS OF PLAINTIFFS

Defendant, Mark Ocholski ("Ocholski"), by his attorneys, Daniel S. Hefter and Keli M. Videtto, and pursuant to Federal Rule of Civil Procedure 37(a), hereby moves to compel the depositions of Plaintiffs TVN, S.A. and Telewizja Polsat, S.A., and states as follows:

1. On June 22, 2007, Ocholski served Subpoenas and a Notice of Depositions for the Rule 30(b)(6) depositions of plaintiffs, TVN, S.A ("TVN") and Telewizja Polsat, S.A. ("Polsat"). That notice set the deposition of TVN for July 10, 2007, at 10:00 a.m. and the deposition of Polsat for July 11, 2007 at 10:00 a.m. The Subpoenas for Depositions and Notices are attached as Group Exhibit A.

2. Thereafter, on July 2, 2007, Ocholski's counsel, Keli M. Videtto, e-mailed TVN and Polsat's counsel, indicating that the deposition of TVN could proceed on July 10, 2007, at 10:00 a.m. and the deposition of Polsat could proceed on July 10, 2007 at 1:00 p.m. Ms. Videtto also asked for additional times the deponents would be available if those times on July 10 were not convenient. The July 2, 2007 e-mail is attached as Exhibit B.

3. TVN and Polsat's counsel each indicated to Ocholski's counsel that it would be unlikely that either Plaintiff would be available before July 23, 2007, and that they would contact Ocholski's counsel when they knew when their clients were available. They also requested that the depositions proceed telephonically. The July 2, 2007 e-mails are attached as Group Exhibit C.

4. On July 10, 2007, Ocholski's counsel again contacted Plaintiffs' counsels to schedule a date certain for Plaintiffs' depositions and provided 11 dates on which Ocholski's counsel would be available for those depositions. Ocholski's counsel agreed to conduct the depositions telephonically. The July 10, 2007 e-mail is attached as Exhibit D.

5. On July 10, 2007, both Plaintiffs' counsels responded stating, again, that the Plaintiffs were not available until the week of July 23, 2007, and that they were still trying to get dates from their respective clients. The July 10, 2007 e-mails are attached as Exhibit E.

6. On July 12, 2007, Ocholski's counsel again contacted Plaintiffs counsels in an attempt to set a date certain the week of July 23, 2007, by the close of business July 13, 2007. The

July 12, 2007 e-mail is attached as Exhibit F.

7. Plaintiffs' counsels responded stating that they were still attempting to reach their clients to obtain dates for the depositions to proceed. The July 12, 2007 emails are attached as Exhibit G.

8. As is evident from the above communications, Ocholski's counsel has made several good faith attempts to resolve this matter with Plaintiffs' counsels and without aid of this court, but to no avail. Plaintiffs continue to refuse to provide their availability for their depositions.

9. Ocholski requests that this Court compel the Plaintiffs' depositions immediately.

WHEREFORE, Defendant, Mark Ocholski, requests that this Court enter an order directing Plaintiffs to appear for their depositions within the next 14 days, for sanctions against Plaintiffs in the amount of Ocholski's attorney's fees necessitated by the preparation, filing and presentment of this Motion, and for any further relief this Court deems just and proper.

MARK OCHOLSKI, Defendant

By: s/Keli M. Videtto
One of Its Attorneys

Daniel S. Hefter
Keli M. Videtto
**FOX, HEFTER, SWIBEL, LEVIN & CARROLL, LLP**
321 North Clark Street, Suite 3300
Chicago, Illinois 60610
(312) 224-1200
(312) 224-1202 (fax)